Pablo BUCIO–RIVERA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71181.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Pablo Bucio–Rivera, Montebello, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM **

Pablo Bucio–Rivera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003), and we deny the petition for review.

We review the IJ's opinion as the "final agency determination" for purposes of this appeal. *See* 8 C.F.R. § 1003.1(a)(7)(iii); *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). Because the IJ's interpretation and application of the "exceptional and extremely unusual hardship" standard found in 8 U.S.C. § 1229b(b) was well within the broad bounds of the statutory language, there was no violation of petitioner's due process rights. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1003 (9th Cir.2003). "Once we determine that the [IJ's] interpretation falls within this broad range authorized by the statutory language, our inquiry ends." *Id.* at 1005.

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft,* No. 03–70477 and further order of this Court.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.